# EXHIBIT A

ELECTRONICALLY FILED
6/5/2025 10:17 AM
Kern County Superior Court
By Alexandra Valles, Deputy

**Marden Law Inc.**
Ryan K. Marden (SBN 217709) MARDEN LAW ONLY
18012 Cowan Suite 200
Irvine CA 92614
Tel: 714-822-4450
Email: rmarden@marden-law.com

**MFS Legal Inc.**
Neal F. Morrow III (SBN 295497)
21143 Hawthorne Blvd Suite 514
Torrance CA 90503
Tel: (562) 379-2654
Email: lawclerk@calemonlawteam.com (contact)
eservice@calemonlawteam.com (documents)

Attorneys for Plaintiff
REFAAT NAIEM TAYAN

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF KERN

| | |
|---|---|
| REFAAT NAIEM TAYAN,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: BCV-25-102093<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>(1) VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT BREACH OF EXPRESS WARRANTY<br>(2) VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT BREACH OF IMPLIED WARRANTY |

Plaintiff, REFAAT NAIEM TAYAN, an individual alleges as follows:

1. Plaintiff is an individual residing in the City of BAKERSFIELD, County of KERN, and State of CALIFORNIA.

2. Defendant GENERAL MOTORS LLC is registered to do business in the State of CALIFORNIA.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

3. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants issued herein as Does 1 through 10, inclusive, under the provisions of section 474 of the California Code of Civil Procedure. Defendant Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff. Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendant together with appropriate charging allegations when ascertained.

4. All acts of corporate employees as alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

5. Each Defendant whether actually or fictitiously named herein, was the principal, agent (actual or ostensible) or employee of each other Defendant and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

6. On MAY 10, 2023, Plaintiff acquired a 2023 GMC YUKON, VIN: 1GKS2DKT4PR373683 ("vehicle").

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT)
### BREACH OF EXPRESS WARRANTIES
### AGAINST ALL DEFENDANTS

7. Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and realleged.

8. Plaintiff is a "buyer" as defined by Cal. Civ. Code § 1791(b).

9. The vehicle is a "consumer good" as defined by Cal. Civ. Code § 1791(a).

10. Defendant GENERAL MOTORS LLC is a "warrantor" as contemplated by Ca. Civ. Code § 1795.

11. Plaintiff's acquisition of the Vehicle was a sale as defined by Cal. Civ. Code §1791(n).

12. Defendants violated the Song-Beverly Consumer Warranty Act by failing to conform the Vehicle to the express written warranties within a reasonable number of repair attempts or within the warranty periods, and by failing to promptly replace the vehicle or make restitution to Plaintiff.

13. The defects, malfunctions, and nonconformities that were presented to Defendant's authorized repair facilities multiple times and substantially impair the use, value, and/or safety of the Vehicle.

14. Pursuant to Cal. Civ. Code §1793.2(d), Defendants must refund the price of the Vehicle to Plaintiff.

15. Pursuant to Cal. Civ. Code § 1794(a), Plaintiff is entitled to restitution.

16. As a direct and proximate result of said violations of the Song-Beverly Act, Plaintiff has sustained, and continues to sustain, actual, incidental and consequential damages in the approximate amount of the purchase price according to proof at trial.

17. The failure of Defendants to comply with the Song-Beverly Act was willful in that they had actual knowledge of the Vehicle's defects, malfunctions, and nonconformities, knew of its legal duties under the warranty act, but repeatedly refused to make necessary repairs and/or provide compensation to plaintiff.

18. Pursuant to Cal. Civ. Code §1794(c), Plaintiff is entitled to a civil penalty of two times the amount of Plaintiff's actual damages.

19. Pursuant to Cal. Civ. Code §1794(d), Plaintiff is entitled to attorney's fees and expenses reasonably incurred in connection with this action.

## SECOND CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY (SONG BEVERLY)
## AGAINST ALL DEFENDANTS

20. Plaintiff incorporates all preceding paragraphs as if set forth at length below.

21. Pursuant to Cal. Civ. Code §1792, the Vehicle was accompanied by each   Defendants' implied warranty that the goods are merchantable.

22. Pursuant to Cal. Civ. Code §1793, and because of the existence of the express warranty, Defendants may not disclaim, limit, or modify the implied warranties provided by the Song-Beverly – Act.

23. Defendants breached the implied warranty of merchantability as stated in Cal. Civ. Code §1791.1 and 1792 in the vehicle has malfunctions, and nonconformities render the Vehicle unfit for the ordinary purposes for which it is used, and it would not pass without objection in the trade.

24. Pursuant to Cal. Civ. Code §1794(a), Plaintiff is entitled to restitution.

25. As a direct and proximate result of the breach of the implied warranty of merchantability, Plaintiff has sustained, and continues to sustain, actual, incidental and consequential damages in the approximate amount of the purchase price according to proof at trial.

26. As a direct and proximate result of said violations of the Song-Beverly Act, Plaintiff has sustained, and continues to sustain, actual, incidental and consequential damages in the approximate amount of the purchase price according to proof at trial.

27. Pursuant to Cal. Civ. Code §1794(d), Plaintiff is entitled to attorney's fees and expenses reasonably incurred in connection with this action.

28. Plaintiff is a "buyer" of consumer goods under the Act.

**WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:**

(1)  A declaration that the sales contract is rescinded;

(2)  A declaration that Defendants have been given a reasonable number of repair attempts and/or days to conform the Vehicle to the warranty;

(3)  Actual damages of $117,979.40 according to proof;

(4)  Consequential and incidental damages according to proof;

(5)  Restitution of all consideration given by Plaintiff and or paid out toward the Vehicle;

(6)  Civil Penalties under the Song-Beverly Act in the amount of two times actual damages;

(8)  Reasonable attorney's fees according to statute and contract;

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

(9) Prejudgment interest at the highest maximum legal rate;

(10) A temporary restraining order and/or preliminary injunction;

(11) Costs and expenses reasonably incurred in connection with this action;

(12) An order requiring Defendants to account for all monies that they have received as a result of the acts and practices found to constitute unfair competition pursuant to *Cal. Bus. & Prof. Code §§ 17200 et.seq.;*

(13) An order requiring Defendants to abstain from any further acts and practices found to constitute unfair competition pursuant to *Cal. Bus. & Prof. Code §§17200 et. seq.;*

(14) Such other relief as the Court deems just and proper.

DATED: June 5, 2025        Marden Law Inc.

_____
Ryan K. Marden
Attorneys for Plaintiff

DATED: June 5, 2025        MFS Legal Inc.

_____
Neal F. Morrow III
Attorneys for Plaintiff